16-3900-cv
*Kinojuz I.P. v. Oulian Doubinine, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand seventeen.

PRESENT:    PIERRE N. LEVAL,
            PETER W. HALL,
                        *Circuit Judges,*
            COLLEEN MCMAHON,\*
                        *District Judge.*

---

KINOJUZ I.P., a company under the laws of Kazakhstan,

                        *Plaintiff-Appellee,*

      v.                                                      No. 16-3900-cv

IRP INTERNATIONAL INC., a New York corporation, OULIAN DOUBININE, IGOR ERLIKH, both residents of New York State,

                        *Defendants-Appellants.*†

---

FOR DEFENDANTS-APPELLANTS:    IGOR ERLIKH, *pro se*, (Oulian Doubinine, *pro se*, *on the brief*), Brooklyn, N.Y.

FOR PLAINTIFF-APPELLEE:    GEORGE LAMBERT, Law Offices Lambert & Associates, Washington, D.C.

---

\* Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.
† The Clerk of the Court is directed to amend the official caption as noted.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pohorelsky, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the magistrate judge is **AFFIRMED**.

Appellants Igor Erlikh and Oulian Doubinine, proceeding *pro se*, appeal a judgment against them for fraudulent misrepresentation, money had and received, and unjust enrichment. Kinojuz I.P. ("Kinojuz"), a Kazakhstani movie production company, sued Erlikh and Doubinine in connection with a movie financing agreement pursuant to which Kinojuz provided money to Erlikh and Doubinine that they promised to "multiply" and return. Following a bench trial, the trial court judge found that Erlikh and Doubinine had misrepresented their ability to generate financing for the movie and spent Kinojuz's money on personal expenses. The magistrate judge awarded Kinojuz compensatory damages and also granted Kinojuz a declaratory judgment determining that Kinojuz did not owe Erlikh money for an alleged separate agreement concerning the sale of medical supplies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Kinojuz's argument that it is entitled to punitive damages is not properly before us because Kinojuz did not cross-appeal. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 126 (2d Cir. 2009) ("An appellee may not seek to enlarge its rights under a judgment on appeal without taking a cross-appeal."). We will not consider it further.

With regard to the issue on appeal, we review the magistrate judge's legal conclusions *de novo* and findings of fact for clear error. *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty.*, 710 F.3d 57, 65 (2d Cir. 2013). We review the magistrate

judge's evidentiary rulings for abuse of discretion. *Warren v. Pataki*, 823 F.3d 125, 137–38 (2d Cir. 2016).

First, the magistrate judge did not abuse his discretion by excluding from evidence certain alleged contract amendments. Erlikh and Doubinine never provided a certified translation of these contract amendments. Further, Erlikh and Doubinine failed to provide Kinojuz with the pages of the amended contract they intended to use at trial, thereby thwarting the magistrate judge's attempt to have the parties agree on a translation. Finally, Erlikh and Doubinine did not seek to introduce the contract amendments when they presented their case at trial.

Second, the magistrate judge did not clearly err in interpreting emails from Kinojuz's principal to Erlikh. Although Kinojuz's principal referred to agreements about medical supplies and laboratories in the emails, he also stated that any such agreements were separate from the agreement governing Kinojuz's movie.

Finally, reviewing *de novo* the lower court's legal conclusions, we find there is no merit to Erlikh and Doubinine's challenges to the magistrate judge's ruling for Kinojuz on the fraudulent misrepresentation, money had and received, and unjust enrichment claims. Contrary to Erlikh and Doubinine's arguments, the magistrate judge did not rely upon findings concerning Doubinine's connections to the movie industry, Erlikh's wealth, or Erlikh's criminal history, nor did he rely on findings about whether Erlikh's company was prevented from meeting its obligations. Rather, the magistrate judge relied upon well-supported findings that Erlikh and Doubinine made false representations about how they intended to use Kinojuz's money and about Erlikh's ability to raise the money. The magistrate judge, moreover, did not clearly err in finding that Kinojuz suffered damage as a result.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk